UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DEBBIE T., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00244-DBH |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff did not have a severe impairment from her alleged onset date of January 1, 2010, through her date last insured, June 30, 2012, and continuing through September 30, 2014. Although the ALJ found Plaintiff had severe impairments from October 1, 2014, through the date of the decision, the ALJ determined Plaintiff had the residual functional capacity (RFC) to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the August 23, 2017, decision of the

Administrative Law Judge. (ALJ Decision, ECF No. 9-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

After determining that Plaintiff did not suffer from a severe impairment through her date last insured, the ALJ found that as of October 1, 2014, Plaintiff had severe, but non-listing-level impairments consisting of rheumatoid arthritis, left hip trochanteric bursitis, and spondylosis of the cervical and lumbar spine. (R. 16.) The ALJ concluded the impairments limited Plaintiff's work capacity, but that Plaintiff maintained the ability to perform light work, except that she had the ability to climb ramps, stairs, ladders, ropes and scaffolds no more than occasionally, and stoop, kneel, crouch and crawl occasionally. (R. 17.) The ALJ further found that Plaintiff must avoid concentrated exposure to respiratory irritants. (*Id.*)

With the assistance of the testimony of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a donut shop counter attendant, convenience store clerk, and cashier. (R. 21.) The ALJ, therefore, concluded Plaintiff was not under a disability from the date of the alleged onset (January 1, 2010) through the date of the decision.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff contends the ALJ erred when (1) she concluded Plaintiff did not suffer from a severe impairment before Plaintiff's date last insured; (2) she afforded little weight to the opinion of Roberta Goff, a nurse practitioner; and (3) she determined Plaintiff's statements regarding the intensity, persistence and effects of her symptoms were not entirely consistent with the medical evidence and other evidence of record.

### A. Step 2 Finding

Plaintiff contends the ALJ erred when she found that Plaintiff did not have a severe impairment before her date last insured because the opinions of the consultant experts, which opinions the ALJ gave great weight, reflect that Plaintiff "had a severe inflammatory arthritis impairment" before Plaintiff's date last insured. (Plaintiff's Statement of Errors at 7, ECF No. 13.)

At step 2 of the sequential evaluation process, a claimant must demonstrate the existence of impairments that are "severe" from a vocational perspective, and that the

3

impairments meet the durational requirement of the Social Security Act. 20 C.F.R. § 416.920(a)(4)(ii). The step 2 requirement of "severe" impairment imposes a de minimis burden, designed merely to screen groundless claims. *McDonald v. Sec'y of HHS*, 795 F.2d 1118, 1123 (1st Cir. 1986). An impairment or combination of impairments is not severe when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28). In other words, an impairment is severe if it has more than a minimal impact on the claimant's ability to perform basic work activities on a regular and continuing basis. *Id.* However, if error occurred at step 2, remand is only appropriate when the claimant can demonstrate that an omitted impairment imposes a restriction beyond the physical and mental limitations recognized in the Commissioner's RFC finding, and that the additional restriction is material to the ALJ's "not disabled" finding at step 4 or step 5. *Socobasin v. Astrue*, 882 F. Supp. 2d 137, 142 (D. Me. 2012) (citing *Bolduc v. Astrue*, No. 09–CV–220–B–W, 2010 WL 276280, at *4 n. 3 (D. Me. Jan. 19, 2010) ("[A]n error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim.")).

Plaintiff's argument is unpersuasive. First, the Disability Determination Services (DDS) consultants did not find Plaintiff suffered from rheumatoid arthritis before the date last insured (June 30, 2012). Consistent with the finding, to the extent the records contain evidence of rheumatoid arthritis, the records were generated following treatment after June

4

30, 2012. (R. 82-86, 93.) For instance, a Waldo County General Hospital record dated June 29, 2013, reflects Plaintiff complained of the onset of back pain "1 week ago."[2] (R. 582.)

In addition, the ALJ reasonably assessed the records of Plaintiff's treating rheumatologist, Sidney Block, M.D. On April 17, 2015, in reciting the history of Plaintiff's "present illness," Dr. Block wrote, "[p]rior to about 6 months ago the patient's only significant musculoskeletal problems with a history of recurrent low back pain attributed to arthritis." (R. 453.) The ALJ inferred that while Plaintiff experienced recurrent low back pain, a change occurred within the 6 months to prompt Plaintiff to seek treatment with Ms. Goff, who referred Plaintiff to Dr. Block. The ALJ reasonably and supportably concluded that any functional impairment resulting from Plaintiff's rheumatoid arthritis began in or about October 2014.

Finally, even if the record supported a finding that Plaintiff suffered from rheumatoid arthritis before June 30, Plaintiff has failed to establish through reliable evidence that the condition resulted in any functional limitation.

In short, the record supports the ALJ's determination that Plaintiff did not have a severe impairment prior to her date last insured. The ALJ, therefore, did not err when she denied Plaintiff's claim for disability insurance benefits.[3]

---

[2] Although the same record notes that the pain was "similar to prior episodes," (R. 582), neither the Waldo County General Hospital record, nor any other record establishes an onset date of a severe impairment prior to the date last insured.

[3] Should the Court disagree, the remainder of the discussion explains why any error would be harmless, and why the ALJ also appropriately denied Plaintiff's claims for supplemental security income benefits.

5

## B. Assessment of Expert Opinions

Plaintiff argues the ALJ erred when she gave greater weight to the opinions of the DDS consultants than to the opinion of Ms. Goff, whom Plaintiff describes as a treatment provider. (Statement of Errors at 8.) On July 14, 2017, Ms. Goff opined that Plaintiff could only walk less than one city block without rest or severe pain, could sit for 50-60 minutes at one time, could stand for 20-30 minutes at one time, could sit and stand and walk less than 2 hours in an 8-hour work day, would need unscheduled 15 minute breaks each hour of the work day, could rarely lift less than 10 pounds, could rarely twist, stoop and crouch, and could only occasionally climb stairs and ladders. (R. 852, 853.) She also determined that Plaintiff was incapable of maintaining even a low stress job. (R. 854.)

The ALJ considered Ms. Goff's opinion, but ultimately gave it "little weight." (R. 20.) The ALJ found Ms. Goff's opinion to be "inconsistent with her own treatment notes that suggest no more than moderate symptoms and physical examination." (*Id.*) The ALJ also found "the severity of her opinion is not consistent with the examination findings of the claimant's rheumatologist." (*Id.*) In concluding her assessment of Ms. Goff's opinion, the ALJ wrote, "I do not find her opinion persuasive due to the inconsistencies between her opinion and the objective clinical evidence cited throughout the decision." (*Id.*)

First, to the extent Plaintiff contends Ms. Goff qualifies as a treating medical source and thus the ALJ erred because she did not give "good reasons" to discount Ms. Goff's opinion, Plaintiff's argument fails. Because Plaintiff filed her claim before March 27, 2017, Ms. Goff is not considered a medical source, although she is a treatment provider. *John M. v. Berryhill*, No. 1:17-cv-00452-JHR, 2018 WL 6272888 at * 3 (D. Me. Nov. 30,

2018); 20 C.F.R. § 404.1502(a)(7) (licensed advanced registered nurse qualifies as a medical source "only with respect to claims field on or after March 27, 2017).

In addition, the ALJ's reasoning is supportable. While Ms. Goff treated Plaintiff for a variety of conditions, Ms. Goff's notes reflect relatively normal physical examinations, and lack any significant abnormal musculoskeletal or range of motion findings. The ALJ's observation that Ms. Goff's notes are inconsistent with the findings in July 2017 is thus supported by the record evidence.

The ALJ's conclusion that Ms. Goff's opinion was inconsistent with the findings of Dr. Block, Plaintiff's treating rheumatologist, is similarly supported by the record. In fact, following an office visit on May 23, 2017, less than two months before Ms. Goff issued her opinion, Dr. Block noted: "Patient generally appears healthy. Her gait is normal. Tenderness at the LS area and over both posterior-lateral trochanteric bursae is prominent. Hips, knees and lumbar spine have good painless ROM. Forward bending of the LS spine is 40 degrees. No synovitis." (R. 848.) With these and other findings in Dr. Block's notes, the ALJ could reasonably conclude that Ms. Goff's opinion "is not consistent with the examination findings of [Plaintiff's] rheumatologist." (R. 20.)[4]

In sum, the ALJ's assessment of Ms. Goff's opinion is supported by the record evidence as is her decision to afford greater weight to the opinion of the DDS consultants.

---

[4] To the extent Plaintiff challenges the ALJ's decision to give "little weight" to Dr. Block's May 28, 2015, opinion that Plaintiff would be disabled for a year (R. 463), Dr. Block's records reflect Plaintiff improved with treatment as evidenced by Dr. Block's findings in May 2017. In addition, in May 2017, Dr. Block declined to assess Plaintiff's functional limitations. (R. 845.) Accordingly, the ALJ's assessment of Dr. Block's May 2015 opinion is supportable.

7

### C. Plaintiff's Subjective Complaints

Plaintiff contends the ALJ erroneously assessed Plaintiff's reports of symptoms and limitations. After reviewing Plaintiff's complaints, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce [the symptoms]," but determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. 18.) The ALJ concluded, the "statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." (*Id.*)

In support of her argument, Plaintiff in part cites Social Security Ruling 16-3p, which was intended to "provide[] guidance about how [components of the Social Security Administration will] evaluate statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under Titles II and XVI of the Social Security Act (Act) and blindness claims under Title XVI of the Act." 81 Fed. Reg. at 14166. In the statement of purpose, the Ruling explains that, based on a commissioned study, the Social Security Administration determined it should "eliminat[e] the use of the term 'credibility' from [its] sub-regulatory policy," i.e. former Ruling 96-7p, because the term does not appear in the Administration's regulations. *Id.* at 14167.

The Ruling does not preclude the ALJ's assessment of whether Plaintiff's subjective complaints are consistent with the other evidence of record. The ALJ cited Plaintiff's reported activities (laundry, dishes, sweeping, mowing, gardening) (R. 18, 217), Plaintiff's

apparent ability to go sledding in 2017 (R. 20, 709 the range of motion in her upper extremities (R. 19, 454), the lack of any strength deficits or muscle atrophy upon physical examination (R. 19, 477), and the relatively unremarkable radiographic studies (R. 19, 510 – 514, 681 – 682, 840, 843-44) as evidence that was inconsistent with Plaintiff's claimed limitations.

The factors cited by the ALJ are legitimate considerations when evaluating Plaintiff's statements regarding the limiting effect of her claimed impairments. A review of the record and the ALJ's decision reveals that the ALJ identified evidence that was not consistent with Plaintiff's report of the effect of her impairments. The ALJ found the evidence to be persuasive in her assessment of Plaintiff's complaints. The ALJ's inferences from the evidence were permissible on this record. Accordingly, the ALJ did not err in her assessment of Plaintiff's claimed symptoms.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 18th day of March, 2019.         /s/ John C. Nivison
                                            U.S. Magistrate Judge